UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Criminal No. 21cr10006 |
| v. | | Violations: |
| BARBARA LEVY, | | Count One: Bank Fraud (18 U.S.C. § 1344) |
| Defendant | | Count Two: Filing a False Tax Return (26 U.S.C. § 7206(1)) |
| | | Forfeiture Allegation: (18 U.S.C. § 982(a)(2)(A)) |

INFORMATION

At all times relevant to this Information:

General Allegations

1.      Defendant BARBARA LEVY ("LEVY") resided in Portsmouth, Rhode Island.

2.      Company A owned Dunkin' franchises in the New Bedford, Massachusetts area. Company A maintained checking accounts for each of its franchises at Santander Bank, which was a financial institution as defined in 18 U.S.C. § 20.

3.      LEVY was an office manager at Company A, where her responsibilities included writing checks to vendors for unanticipated repairs and to terminated employees for their final wages.  LEVY had access to a signature stamp of one of the owners of Company A for this purpose.  LEVY was not authorized to use the signature stamp without the owner's knowledge.

Bank Fraud Scheme

4.      Beginning no later than December 2012 and continuing through in or about October 2019, LEVY stole approximately $1,058,867 from Company A by writing checks payable to

1

herself drawn on Company A's accounts at Santander Bank.   LEVY used the owner's signature stamp without authorization on these checks.

5.      To conceal her scheme, LEVY, whose responsibilities also included picking up the mail from Company A's post office box, opened monthly bank statements and altered them, substituting the names of legitimate purported payees in place of her name, to make it appear as though the checks had been written for a valid business purpose.

### The False Tax Returns

6.      In an effort to conceal and prevent detection of her scheme, LEVY did not report the funds that she embezzled from Company A on her federal income tax returns.   As a result, between 2013 and 2019, LEVY failed to report or pay taxes on approximately $1,058,867.09.

COUNT ONE
Bank Fraud
(18 U.S.C. § 1344)

The United States Attorney charges:

7.    The United States Attorney re-alleges and incorporates by reference paragraphs 1 through 5 of this Information.

8.    On or about June 28, 2019, in the District of Massachusetts and elsewhere, the defendant,

BARBARA LEVY,

did knowingly execute, and attempt to execute, a scheme and artifice to defraud a federally insured financial institution, that is, Santander Bank, and to obtain moneys, funds, credits, assets, securities and other property owned by, and under the custody and control of, Santander Bank, by means of materially false and fraudulent pretenses, representations, and promises, in that, defendant, without authorization, issued Check No. 399, made payable to Barbara Levy, drawn on Company A's Santander Bank account ending in 9667, in the amount of $1,200.

All in violation of Title 18, United States Code, Section 1344.

## COUNT TWO
Filing a False Tax Return
(26 U.S.C. § 7206(1))

The United States Attorney further charges:

9.      The United States Attorney re-alleges and incorporates by reference paragraphs 1 through 6 of this Information.

10.      On or about October 9, 2019, in the District of Massachusetts and elsewhere, the defendant,

BARBARA LEVY,

did willfully make and subscribe a U.S. Individual Income Tax Return, Form 1040, for the tax year 2018, which was verified by a written declaration that it was made under the penalties of perjury, and which was filed with the Internal Revenue Service, and which return the defendant did not believe to be true and correct as to every material matter in that the return reported an adjusted gross income of $107,537, when defendant then and there knew that the gross income she actually received for tax year 2018 substantially exceeded the amount reported.

All in violation of Title 26, United States Code, Section 7206(1).

<u>FORFEITURE ALLEGATION</u>
(18 U.S.C. § 982(a)(2)(A))

The United States Attorney further alleges:

11.     Upon conviction of the offense in violation of Title 18, United States Code, Section 1344 set forth in Count One, the defendant,

BARBARA LEVY,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.   The property to be forfeited includes, but is not limited to, the following:

  a.     $1,058,867.09, to be entered in the form of a forfeiture money judgment.

12.     If any of the property described in Paragraph 11 above as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(2), as a result of any act or omission of the defendant --

  a.   cannot be located upon the exercise of due diligence;

  b.   has been transferred or sold to, or deposited with, a third party;

  c.   has been placed beyond the jurisdiction of the Court;

  d.   has been substantially diminished in value; or

  e.   has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 11 above.

All pursuant to Title 18, United States Code, Section 982(a)(2).


ANDREW E. LELLING
UNITED STATES ATTORNEY


By: *Kristen A. Kearney*
KRISTEN A. KEARNEY
Assistant United States Attorney